**FILED**

DEC 0 7 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY S. WADE,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH W. HOOVER, et al.,<br><br>Defendants. | Case No. A05-0261 CV (JKS)<br><br>ORDER PERMITTING AMENDED COMPLAINT OR DISMISSAL <u>WITHOUT PREJUDICE</u> |

Timothy S. Wade, representing himself, has filed a civil complaint in this Court, alleging that several individuals and/or agencies, failed to protect his family, due to racism,[1] from the harassment, intimidation and assaults of a dangerous felon[2] over

---

[1] See *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 197 n.3 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause.").

[2] See *United States v. Kenneth Hoover*, J05-0005 CR (JKS), guilty pleas and judgments entered against Kenneth Hoover, November 22, 2005, and November 29, 2005.

a period of three years.³ Mr. Wade has also filed an application to waive the filing fee, showing that he is currently unable to pay the $250 filing fee in this case.⁴

## Section 1915 Screening

First, the Court must screen Mr. Wade's complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."⁵ As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."⁶ In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.⁷

---

³ *See* Docket No. 2.

⁴ *See* Docket No. 1.

⁵ 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," and subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave waive the filing fee "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

⁶ *See Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), *cert. denied*, 116 S.Ct. 1273 (1996), following *Neitzke v. Williams*, 490 U.S. 319, 324-328 (1989).

⁷ *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must

Before a court may dismiss Mr. Wade's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[8]

## Jurisdiction

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Wade's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[9] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[10] As explained by

---

construe *pro se* pleadings liberally.").

[8] See *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); see also *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[9] See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[10] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[11]

Defendant Hoover, however, appears to be a **private** individual -- the felon from whom other defendants allegedly did not protect Mr. Wade's family. Although Mr. Wade may have a state personal injury claim against Kenneth Hoover, this Court does not normally have jurisdiction over personal injury claims against private individuals.[12]

Mr. Wade may, therefore, be in a position to file a civil complaint for damages in the state courts even if the federal courts do not have jurisdiction over his claims. But this Court is not a court of appeals for any state court decisions.[13]

## Non-Attorney Representation

A non-attorney may not represent another litigant in court, even under a power of attorney. The Ninth Circuit has held that although a "litigant in federal court has

---

[11] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

[12] See Docket No. 2 at 1 (Laura Larsen Wade is also named as a party (defendant?) in this case, although she does not seem to be a governmental official).

[13] See *Amber Wade v. Kenneth Hoover*, 1WR-04-0005 CI (filed February 2, 2004); *see also Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

a right to act as his own counsel ... a non-lawyer 'has no authority to appear as an attorney for others than himself.'"[14] Our rules provide that only an "attorney admitted to practice as an attorney and counselor at law before the courts of the State of Alaska, is eligible for admission to practice in the United States District Court for the District of Alaska."[15]

Holding directly that a non-attorney may not represent another party in court under a power of attorney, the Alaska Supreme Court decided that a lay person may not, "by virtue of his capacity as attorney-in-fact for his principal, ... appear on his principal's behalf and act as legal counsel in a court of law unless admitted to so practice."[16] The Court explained that "'[a] person may not engage in the practice of law in the state unless the person is licensed to practice law in Alaska and is an active member of the Alaska Bar.'"[17] Mr. Wade does not purport to be an attorney, permitted to practice in this Court, and may not represent Amber L. Wade, and/or George Larsen Jr. and family in this action.[18] He may only represent himself.

---

[14] *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997), quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

[15] D. Ak. LR 83.1(a)(1).

[16] *Christensen v. Melinda*, 857 P.2d 345, 348 (Alaska 1993).

[17] *Id.* at 346, citing Alaska Bar Rule 63; *see also* Alaska Rule of Civil Procedure 81(a)(1) ("only attorneys who are members of the Alaska Bar Association shall be entitled to practice in the courts of this state").

[18] *See* Docket No. 2 at 1.

## Vagueness

The Court finds it unclear as to exactly who Mr. Wade intends to name as defendants in this action. For instance, Mr. Wade has named "City of Warngell, AK; Wrangell City Police Dept. as a whole, Doug McClosky, Chief, Box 531, Wrg. AK 99929."[19] It is unclear whether Mr. Wade is naming the city, the police department **and** the police chief, or whether the police chief is simply named the person to whom the complaint should be sent. Another named defendant is apparently Laura Larsen Wade,[20] who is nowhere discussed in the body of the complaint. The Court is unclear as to whether Ms. Wade is meant to be named as a defendant or as a plaintiff.

Although the Federal Rules of Civil Procedure have adopted a flexible pleading policy, even self-represented litigants must give fair notice to defendants, and state the elements of their claims plainly and succinctly.[21] Mr. Wade must allege, with at least some degree of particularity, overt acts which specific defendants engaged in that support his complaint, and at the outset, the Court must

---

[19] *Id.*

[20] *See id.*

[21] *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

be able to discern who the defendants are.[22] As it stands, Mr. Wade's complaint is too vague to tell exactly who is being sued.

### Individual v. Official Capacity

Individual (or personal) capacity suits "seek to impose personal liability upon a government official for actions [the official] takes under color of state law."[23] Liability in an **individual capacity** suit for **money damages** can be demonstrated by showing that the official **caused** the alleged injury.[24]

Thus, in order to state a viable civil rights claim against state officials in their individual capacities, **allegations of personal participation are required**.[25] Without allegations of personal participation, the claim must be dismissed. "State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights."[26] In addition, state officials cannot be held liable for alleged civil rights violations under the theory of respondeat superior.[27] In other words, a defendant cannot be held personally liable merely due

---

[22] See id.

[23] Kentucky v. Graham, 473 U.S. 159, 165 (1985).

[24] See id. at 166.

[25] See Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988).

[26] King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987) (citation omitted).

[27] See e.g., Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (insufficient showing of direct participation by Attorney General or Director of State Prison).

to the fact that s/he has supervisory authority over other defendants or employees.

If sued in their **official capacity** for **injunctive relief**, rather than money damages, the Eleventh Amendment does not bar suit. State officials sued in their official capacity are persons for purposes of § 1983, "because official-capacity actions for prospective relief are not treated as actions against the State."[28] In an official capacity suit, Mr. Wade must demonstrate that a **policy or custom** of the government entity of which the official is an agent was the moving force behind the violation.[29] Mr. Wade must decide, for each defendant, whether he or she is being sued in his or her individual (requesting money damages) or official (requesting injunctive relief) capacity; only rarely will both apply.

### State Immunity

Mr. Wade seems to have brought suit against the State of Alaska and state agencies. However, "[t]he Eleventh Amendment prohibits federal courts from

---

[28] *Kentucky v. Graham*, 473 U.S. at 167 n. 14; *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan*, 491 U.S. 58, 71 n. 10 (1989); *Guam Soc. of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1370-71 (9th Cir.), *cert. denied*, 506 U.S. 1011 (1992); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Price v. Alaska*, 928 F.2d 824, 828 n. 3 (9th Cir. 1990), *cert. denied*, 502 U.S. 967 (1991). Official capacity actions filed against state officials for damages are merely an alternative way of pleading an action against the state. *See Kentucky v. Graham*, 473 U.S. at 165; *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Because the state is not a person for purposes of § 1983, "state officials, when sued for damages in their official capacities, are likewise not 'persons' within the meaning of § 1983." *Guam Soc. of Obstetricians & Gynecologists*, 962 F.2d at 1371.

[29] *See Kentucky v. Graham*, 473 U.S. at 166.

hearing suits brought against an unconsenting state."[30] States are not "persons" for purposes of § 1983.[31] Thus, section 1983 claims against states are considered legally frivolous.[32]

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.[33] **Except for suits filed against state officials, the Eleventh Amendment bars suit regardless of the relief sought.**[34] Therefore, if Mr. Wade intended to name the State of Alaska and any of its agencies as defendants, it is barred by Eleventh Amendment immunity. However, local governmental units, such as the City of Wrangell, are not entitled to absolute immunity.[35]

---

[30] *Brooks v. Sulphur Springs Valley Elec. Co-op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992) (citations omitted); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 66 (1996).

[31] *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[32] *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).

[33] *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996).

[34] *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Seldovia Native Ass'n, Inc. v. Lujan*, 904 F.2d 1335, 1349 (9th Cir. 1990).

[35] *See Letherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993); *Gibson v. County of Washoe*, 290 F.3d 1175 (9th Cir. 2002) (A municipality may be held liable under § 1983 when the municipality inflicts an injury).

## Judicial Immunity

In a civil rights action, judges are entitled to absolute immunity.[36] "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[37] In fact, "[j]udicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff.'" [38] Judicial immunity "is not overcome by allegations of bad faith or malice [but] applies even when the judge is accused of acting maliciously or corruptly."[39] As explained by the United States Supreme Court, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[40] Judges are "absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts ... A judge loses absolute

---

[36] See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Martinez v. Newport Beach City, 125 F.3d 777, 780 (9th Cir. 1997); Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1986); see also Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), recognizing a common law action against federal officers for civil rights violations, as with state officers under § 1983.

[37] Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).

[38] Id. (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)); see also Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Pierson v. Ray, 386 U.S. 547, 553-54 (1967); New Alaska Development Corp. v. Guetschow, 869 F.2d 1298, 1301-02 (9th Cir. 1989).

[39] Mireles, 502 U.S. at 11 (quoting Pierson, 386 U.S. at 554).

[40] Id.



immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."[41]

"To determine if a given action is judicial ... courts [should] focus on whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."[42] Finally, "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."[43]

As to the allegations made by Mr. Wade in his complaint, it is unclear whether the acts performed by Judge Stephens were functions normally performed by judges, and whether Judge Stephens was dealt with by the parties in his judicial capacity. If Judge Stephens is entitled to absolute judicial immunity in federal court, Mr. Wade's remedy is in a state court appeal, not a federal civil rights lawsuit.

---

[41] *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.) (*per curiam*), *cert. denied*, 488 U.S. 995 (1988) (citation omitted).

[42] *Ashelman*, 793 F.2d at 1075-76.

[43] *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. at 362).

## Amending Complaint

Mr. Wade may wish to file a civil suit in state court, where he is more likely to be successful in asserting that court's jurisdiction over the State of Alaska and its agencies, as well as its jurisdiction over private individuals for personal injuries. In the alternative, Mr. Wade will be given an opportunity to show, by amending his complaint before service,[44] that he can state a cognizable claim for relief in federal court against specifically named defendants. In any amended complaint, Mr. Wade must state, specifically, what defendants did or did not do which he believes constitutes a legal wrong, and what specific relief he seeks from the Court.

Because Mr. Wade appears to be alleging violations of civil rights (failure to protect based upon race), the Court has attached a form to assist him in amending the complaint in compliance with this Order. In completing this civil rights form, Mr. Wade must give **dates and facts** in support of each claim. Mr. Wade should state the facts in his own words, as if he were briefly telling someone what happened. The facts must specifically allege how **each** defendant has harmed him.

Further, Mr. Wade should make no reference to the initial complaint or other extraneous documents. The Court cannot refer to a prior pleading in order to make the amended complaint complete. An amended complaint must be complete in itself

---

[44] See FED. R. CIV. P 15(a).

without reference to any prior pleading.[45] This is because, as a general rule, an amended complaint supersedes (takes the place of) the original complaint.[46]

**IT IS HEREBY ORDERED** that:

1. Mr. Wade's complaint is DISMISSED without prejudice to filing a complaint in state court. Mr. Wade may file the enclosed notice of voluntary dismissal, without prejudice, on or before **January 6, 2006**.

2. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Wade with this Order.

3. In the alternative, Mr. Wade will be permitted to amend his complaint in this Court, on or before **January 6, 2006**, to correct the problems explained in this Order.

4. The Clerk of Court is directed to send a copy of this Court's form PS02, Complaint Under the Civil Rights Act, with instructions, to Mr. Wade with a copy of this Order.

---

[45] See D.Ak.LR 15.1(2).

[46] See Florida Dept. of State v. Treasure Salvors, Inc., 458 U.S. 670, 706 n. 2 (1982) ("It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) (as a general rule, an amended complaint supersedes (takes the place of) the original complaint).

5.  Mr. Wade must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

6.  No further action will be taken on the pending application to waive the filing fee, at docket number 1, until Mr. Wade fully complies with this Order.

7.  The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Wade with this Order.

DATED this ___6___ day of December, 2005, at Anchorage, Alaska.

JAMES K. SINGLETON, JR.
United States District Judge

```
A05-0261--CV (JKS)      AM  12/7/05
---------------------------------------
T. WADE    w/ Pro Se Handbook
              PS02, PS09
```